**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAYMOND C. BROWN,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 25-CV-6781** |
| | : | |
| **DETECTIVE JOHN DOE 1,** *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                MARCH 9, 2025

Plaintiff Raymond C. Brown, a convicted prisoner currently incarcerated at SCI Phoenix, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his rights arising from his arrest and trial on stalking and related charges.  Currently, before the Court is Brown's Complaint, in which he asserts individual and official capacity claims against Philadelphia Police Detectives John Does 1 and 2, and Celestine C. Martin.  ("Compl." (ECF No. 1 at 1)).  For the reasons set forth, Brown's false arrest and false imprisonment claims are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(i), his malicious prosecution claims and his official capacity claims are dismissed, without prejudice, for failure to state a claim, and his state law claims are dismissed, without prejudice, for lack of subject matter jurisdiction.  Brown is granted leave to file an amended complaint.

## I.   FACTUAL ALLEGATIONS[1]

The gravamen of Brown's Complaint is that he was arrested and tried on stalking and related charges, and that the criminal proceedings terminated in his favor.  He alleges that on or about September 3, 2024, Martin and John Does 1 and 2 (collectively, "Defendants") began an investigation. (Compl. at 1.)  On October 10, 2024, the Defendants presented a criminal complaint to the District Attorney and sought an arrest warrant for Brown.  (*Id.*)  The criminal complaint asserted that Brown had sent letters and made telephone calls to an unidentified victim, in violation of a Protection From Abuse order ("PFA").  (*Id.*)  The supporting evidence included two envelopes addressed to the victim from Brown, a letter to their son dated August 22, 2024, a letter to the victim dated September 2021, a final PFA to include their son dated August 23, 2024, and evidence of two telephone calls.  (*Id.*)  Based on the evidence and affidavit of probable cause in support of the criminal complaint, criminal charges for stalking and for criminal contempt of a protection order were filed against Brown and warrant for his arrest was issued that day.  (*Id.*)  In late October, Brown learned of the warrant and experienced symptoms including sleeplessness, loss of appetite, chest pains, headaches, and racing thoughts.  (*Id.*)

Nearly a year later, on August 18, 2025, Defendants John Does 1 and 2 arrested Brown. (*Id.*)  Upon hearing the nature of the charges against him, Brown experienced severe emotional distress and was taken to the emergency room where he was treated for fear, chest pain, shortness of breath, and suicidal ideations.  (*Id.*)  On November 20, 2025, Defendant John Doe 1 and Martin testified at Brown's criminal trial, repeating facts included in the criminal complaint and affidavit of probable cause.  (*Id.* at 2.)  At the completion of the trial, Brown was found not guilty and the

---

[1]     The factual allegations set forth in this Memorandum are taken from Brown's Complaint (ECF No. 1).  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in Brown's pleading will be corrected for clarity.

charges against him were dismissed.  Brown claims that the Defendants' actions caused him to be denied parole in November 2024 and to be removed from consideration for parole in November 2025.  (*Id.*)

The publicly available docket in *Commonwealth v. Brown*, MC-51-CR-15255-2025 (C.P. Philadelphia) reflects that on August 18, 2025, Brown was arraigned on charges of contempt for violation of an order or agreement, stalking – repeatedly commit acts to cause fear, and violation of a protective order.  (*Id.*)  Following a trial on November 20, 2025, the contempt charge was dismissed because of a speedy trial violation, the violation of protective order charge was withdrawn, and Brown was found not guilty of stalking.  (*Id.*)  Brown asserts Fourth Amendment claims for false arrest, false imprisonment, malicious prosecution, and state law claims for intentional and reckless infliction of emotional distress, and abuse of process, and seeks money damages.  (*Id.*)

## II.    STANDARD OF REVIEW

Although Brown has paid the filing fee in full, because he is a prisoner the Court has the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A.  *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*).  Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In doing so, the Court must dismiss a complaint or any portion thereof that fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1).

3

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support."). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

4

### III.     DISCUSSION

Brown asserts claims based on alleged violations of his constitutional rights.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

### A.     Official Capacity Claims

Brown asserts claims against the Defendants in their official capacities.[2]  (Compl. at 1.) Claims against municipal employees in their official capacities are indistinguishable from claims against the governmental entity that employs them, here the City of Philadelphia.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.*

In order to state an official capacity claim against the Defendants' employer, the City of Philadelphia, Brown must allege that a municipal policy or custom caused the alleged constitutional violations giving rise to his claims.  *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the]

---

[2] Brown identifies John Does 1 and 2 as Philadelphia Police Detectives.  (Compl. at 1.)  He does not provide a title for Martin, or identify her employer, but in light of his allegations that she participated in the events preceding his arrest and testified at his criminal trial, (*see* Compl. at 1, 2), the Court infers that she, too, is employed by the City of Philadelphia.

custom or policy and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support an official capacity/*Monell* claim. *See, e.g.*, *Chandler v. Pittaro*, No. 24-3502, 2024 WL 4137320, at *2 (E.D. Pa. Sept. 10, 2024) (citing *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases)).

Brown does not include any factual allegations in his Complaint describing any custom or policy of the City of Philadelphia that resulted in a violation of his constitutional rights. Accordingly, he has not stated plausible official capacity claims against the Defendants. These claims will be dismissed without prejudice.

### B.    False Arrest and False Imprisonment Claims

Brown asserts Fourth Amendment false arrest and false imprisonment claims against the Defendants. "False arrest and false imprisonment are 'nearly identical claims' that are 'generally analyzed together.'" *Karkut v. Target Corp.,* 453 F. Supp. 2d 874, 879 (E.D. Pa. 2006) (quoting *Brockington v. Phila.,* 354 F. Supp. 2d 563, 570 n. 8 (E.D. Pa. 2005) (citation omitted)); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."). To state a claim for false arrest and related false imprisonment

under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause.  *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995); *Noviho v. Lancaster County*, 683 F. App'x 160, 164 (3d Cir. 2017) ("Fourth Amendment false imprisonment and false arrest claims rise and fall on whether probable cause existed for the arrest." (citation omitted)).

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483.  "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).  Courts "consider the existence of probable cause via a 'common sense approach' based on the totality of the circumstances and viewed from the perspective of an objectively reasonable police officer."  *Young v. City of Pittsburgh*, 562 F. App'x 135, 140 (3d Cir. 2014) (internal citation omitted).  The standard is "not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988).  For false arrest claims involving multiple charges, establishing probable cause on one charge insulates the defendant from liability.  *See Rivera-Guadalupe v. City of Harrisburg*, 124 F.4th 295, 303 (3d Cir. 2024); *Bracken v. Twp. of Manor*, No. 23-1763, 2024 WL 4210535, at *3 n.5 (3d Cir. Sept. 17, 2024) (citing *Startzell v. City of Phila.*, 533 F.3d 183, 204 n.14 (3d Cir. 2008)).

Moreover, where the arrest in question is made pursuant to a facially valid warrant, probable cause is presumed to exist. *See Campbell v. McIlwain*, No. 09-1156, 2009 WL 2176241,

7

at *4 (D.S.C. July 20, 2009) ("Under § 1983, 'a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant.'") (citing *Porterfield v. Lott,* 156 F.3d 563, 568 (4th Cir.1998); *Brooks v. City of Winston–Salem,* 85 F.3d 178, 181–82 (4th Cir.1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest)). "A facially valid warrant generally establishes probable cause for arrest." *Tucker v. City of Philadelphia*, 679 F. Supp. 3d 127, 137-38 (D.N.J. 2023) (citations omitted) (granting summary judgment where police officer called to confirm warrant was still active before arresting plaintiff and warrant later proved invalid).

Brown alleges that the Defendants investigated, presented an affidavit of probable cause in support of a criminal complaint and documentary evidence to the District Attorney, and obtained a warrant for his arrest. (Compl. at 1.) Approximately ten months later, he was arrested, presumably pursuant to the warrant. Because he was arrested pursuant to a warrant, Brown cannot state plausible false arrest, or false imprisonment claims against the Defendants. These claims will be dismissed with prejudice.

### C.    Malicious Prosecution Claims

Brown asserts Fourth Amendment malicious prosecution claims against the Defendants. (Compl. at 2.) To state a Fourth Amendment malicious prosecution claim, a plaintiff must plausibly allege that a government official charged him without probable cause, leading to an unreasonable seizure of his person. *Chiaverini v. City of Napoleon*, 602 U.S. 556, 558 (2024) (citing *Thompson v. Clark*, 596 U. S. 36, 43, and n.2 (2022). A malicious prosecution claim under § 1983 has five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice;

and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). That a "valid" crime was also charged along with the charge that ended in the plaintiff's favor does not create a categorical bar to a claim. *Chiaverini*, 602 U.S. at 562 ("The question here is whether a Fourth Amendment malicious-prosecution claim may succeed when a baseless charge is accompanied by a valid charge. . . . Consistent with both the Fourth Amendment and traditional common-law practice, courts should evaluate suits like Chiaverini's *charge by charge*. (emphasis added)). A "favorable termination" occurs when a prosecution ends "without a conviction." *Thompson*, 596 U.S. at 49 ("In sum, we hold that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.").

As noted, Brown alleges that the Defendants conducted an investigation and obtained a warrant for his arrest based on facts included in an affidavit of probable cause, which was supported by documentary evidence. (Compl. at 1.) Defendants John Doe 1 and Martin allegedly presented this evidence at Brown's trial. (Id. at 2.) The trial terminated in Brown's favor when the contempt charge against him was dismissed because of a speedy trial violation, the violation of protective order charge was withdrawn, and he was found not guilty of stalking. *See Commonwealth v. Brown*, MC-51-CR-15255-2025 (C.P. Philadelphia).

Notwithstanding the favorable termination of the criminal proceedings, Brown has failed to state plausible malicious prosecution claims. He does not allege that the proceedings against him were initiated without probable cause and does not allege that the Defendants acted maliciously or for a purpose other than bringing him to justice. *Johnson*, 477 F.3d at 82.

Moreover, he does not allege that the information used to obtain the arrest warrant was false, or that he did not engage in the conduct that gave rise to the charges against him. *See, e.g.*, *Jenkins v. City of Philadelphia*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest, false imprisonment and malicious prosecution claims because plaintiff failed to assert a plausible claim of lack of probable cause where plaintiff, while alleging that he was twice arrested, did not have drugs in his possession, did not break the law and the police confiscated his property, "assert[ed] no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on the claims he attempts to raise"); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all of the allegations against them in the underlying criminal proceedings were false). In these circumstances, Brown has not plausibly alleged a malicious prosecution claim, and this claim will be dismissed. Brown will be granted leave to amend this claim.

### D.    State Law Claims

Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over Brown's state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Brown does not allege the citizenship of the parties. Rather, he provides the address of SCI Phoenix for himself. (Compl. at 1.) He does not provide any addresses for the Defendants and alleges only that John Does 1 and 2 are Police Detectives in the 35th Police District. (*Id*.) He does not provide any address or citizenship information at all for Defendant Martin. (*Id*.) Accordingly, Brown has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue. These claims

11

will be dismissed without prejudice for lack of subject matter jurisdiction. Brown will be granted leave to amend these claims to establish the existence of diversity jurisdiction, if he can do so.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Brown's false arrest and false imprisonment claims with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(i), dismiss his malicious prosecution claims and his official capacity claims without prejudice for failure to state a claim, and dismiss his state law claims without prejudice for lack of subject matter jurisdiction. Brown will be granted leave to file an amended complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).

An appropriate Order follows.


*NITZA I. QUIÑONES ALEJANDRO, J.*

12