**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAYMOND C. BROWN,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 25-CV-6781** |
| | : | |
| **DETECTIVE JOHN DOE 1,** *et al.,* | : | |
| *Defendants* | : | |

**O R D E R**

**AND NOW**, this 9th day of March 2026, upon consideration of Plaintiff Raymond C.

Brown's *pro se* Complaint (ECF No. 1), it is hereby **ORDERED** that:

1.       For the reasons set forth in the accompanying Memorandum, the Complaint is

**DISMISSED,** *in part*, with prejudice and, *in part*, without prejudice, as follows:

   a.  Brown's false arrest and false imprisonment claims are **DISMISSED**, with

        prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(i);

   b.  Brown's malicious prosecution claims, and his official capacity claims are

        **DISMISSED**, without prejudice, for failure to state a claim pursuant to 28

        U.S.C. § 1915A(b)(i);

   c.  Brown's state law claims are **DISMISSED**, without prejudice, for lack of

        subject matter jurisdiction.

2.       Brown may file an amended complaint within thirty (30) days of the date of this

Order.  Any amended complaint must identify all defendants in the caption of the amended

complaint in addition to identifying them in the body of the amended complaint and state the basis

for Brown's claims against each defendant.  The amended complaint must also provide as much

identifying information for the defendants as possible.  Brown may refer to a defendant by last

name only if that is the only identifying information possessed.  If Brown wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1]  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his amended complaint, Brown should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3. The Clerk of Court is **DIRECTED** to send Brown a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Brown may use this form to file his amended complaint if he chooses to do so.

4. If Brown does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs'

---

[1] Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Brown may file.

decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5.      If Brown fails to file any response to this Order, the Court will conclude that Brown intends to stand on his Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                                        BY THE COURT:

                                        /s/ *Nitza I. Quiñones Alejandro*
                                        **NITZA I. QUIÑONES ALEJANDRO**
                                        *Judge, United States District Court*

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).