IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYMOND BROWN,** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 25-CV-6781** |
| | : | |
| **CELESTINE C. MARTIN,** *et al.*, | : | |
| *Defendants* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                                  JULY 1, 2026

Currently, before the Court is an Amended Complaint ("AC" (ECF No. 9)) filed *pro se* by

Plaintiff Raymond Brown, a convicted prisoner currently incarcerated at SCI Dallas.  The AC,

filed pursuant to 42 U.S.C. § 1983, asserts alleged violations of Brown's rights arising from his

arrest and subsequent prosecution on charges that he violated the terms of a protection from abuse

order.  Brown asserts individual and official capacity claims against City of Philadelphia Police

Detectives Michael Acerenza and Michael Bransfield, and their assistant Celestine Martin.  (*Id*. at

1.)  For the reasons set forth, Brown's official capacity claims are dismissed with prejudice for

failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the remainder constitutional

claims are dismissed without prejudice for failure to state a claim, and his state law claims are

dismissed without prejudice for lack of subject matter jurisdiction.  Brown is granted leave to file

a second amended complaint.

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

The gravamen of Brown's original Complaint is that he was arrested and tried on stalking and related charges without probable cause, and the criminal proceedings terminated in his favor giving rise to Fourth Amendment and related state law claims. *Brown v. Detective Doe 1*. No. 25-6781, 2026 WL 659307, at *1 (E.D. Pa. Mar. 9, 2026).  Upon statutory screening, the Court earlier dismissed Brown's false arrest and false imprisonment claims with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *Id*. at *6.  His remaining constitutional claims were dismissed without prejudice for failure to state a claim and his state law claims were dismissed without prejudice for lack of subject matter jurisdiction.  *Id*.  Brown was granted leave to file an amended complaint.  *Id*.  Brown now filed AC is ripe for screening.

In his AC, Brown alleges that on February 6, 2023, C.M., with whom he shares a child, obtained a protection from abuse order ("PFA") against him.  (AC at 2.)  Their child was added to the PFA on August 23, 2024.  (*Id*.)  In September 2024, Martin provided Detectives Acerenza and Bransfield with information suggesting that Brown had violated the PFA.  (*Id*.)  The information included evidence that Brown had mailed letters to and called C.M.  (*Id*.)  On October 9, 2024, based upon this information, the Defendants obtained an arrest warrant for Brown.  (*Id*.)  Brown alleges that the information used to obtain the arrest warrant was false.  (*Id*.)  Specifically, he alleges that one of the letters addressed to C.M. predated the PFA and that one letter addressed to their child predated the child's inclusion in the PFA.  (*Id*.)  Additionally, he alleges that the phone

---

[1]    Unless otherwise noted, the factual allegations set forth in this Memorandum are taken from Brown's AC (ECF No. 9).  The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Brown's pleading will be corrected for clarity.  Additionally, the Court includes facts reflected in publicly available dockets, of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

calls described were made at 5 a.m. and 11 p.m., times when he did not have access to a telephone because he was, on the date alleged, in the custody of the Pennsylvania Department of Corrections and locked in his cell.  (*Id.*)

Detectives Acerenza and Bransfield arrested Brown nearly a year after the warrant was issued on August 17, 2025.  (*Id.*)  Upon hearing the nature of the charges against him, Brown alleges that he experienced pain in his chest and head, shortness of breath, and emotional distress.  (*Id.* at 3.)  He further alleges that Detectives Acerenza and Bransfield refused to provide him with his blood pressure medication, although they were aware of his "medical issues."  (*Id.* at 2.)  On November 20, 2025, Detectives Acerenza and Martin testified at trial, allegedly falsely.  (*Id.* at 3.)  Following trial, Brown was found not guilty of the charges against him.  (*Id.*)

Brown claims that he was arrested and detained without probable cause because the information used to obtain the arrest warrant was false.  (*Id.*)  Additionally, he claims that the Defendants initiated the criminal proceedings against him without probable cause and with malicious intent in an effort to retaliate against him, rather than to bring him to justice.  (*Id.*)  Brown also alleges that he engaged in protected activity, including, writing letters and legal action, and that the Defendants retaliated against him for this reason.  (*Id.*)  Brown asserts First, Sixth,[2] and Fourteenth Amendment claims, and state law claims for malicious prosecution, abuse of process and "unlawful restraint."  (*Id.* at 3-4.)  He seeks money damages.  (*Id.* at 4.)

---

[2]    Brown claims that the Defendants denied him a speedy and fair trial, in violation of his Sixth Amendment rights.  (AC at 3-4.)  There are no facts in the AC describing conduct engaged in by the Defendants that delayed Brown's prosecution.  (*See* AC.)  Passing references to legal provisions are insufficient to bring a plausible claim before the Court.  *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an issue will not suffice to bring that issue before this court.") (cleaned up) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).  This claim will be dismissed.

The publicly available docket in the matter of *Commonwealth v. Brown*, MC-51-CR-15255-2025 (C.P. Philadelphia) reflects that on August 18, 2025, Brown was arraigned on charges of contempt for violation of an order or agreement, stalking – repeatedly commit acts to cause fear, and violation of a protective order. (*Id.*) Following a trial on November 20, 2025, the contempt charge was dismissed because of a speedy trial violation, the violation of protective order charge was withdrawn, and Brown was found not guilty of stalking. (*Id.*)

## II.    STANDARD OF REVIEW

Although Brown has paid the filing fee in full, because he is a prisoner, the Court has the authority to screen his Amended Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint ( an operative complaint) or any portion thereof that fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* as true, draw all reasonable inferences in the

4

plaintiff's favor, and ask only whether that amended complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, an unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the *pro se* litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support."). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.     DISCUSSION

As noted, Brown asserts claims based on alleged violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and/or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal

direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).  *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### A.    Official Capacity Claims

Brown asserts claims against the Defendants in their official capacities.  (AC at 1.)  As the Court explained upon screening Brown's initial Complaint, claims against municipal employees in their official capacities are indistinguishable from claims against the governmental entity that employs them, here the City of Philadelphia.  *Brown*, 2026 WL 659307, at *3 (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) and *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Graham*, 473 U.S. at 165-66.  The Court explained that in order to state an official capacity claim against the City of Philadelphia, Brown had to allege that a municipal policy or custom caused the alleged constitutional violations giving rise to his claims.  *Brown*, 2026 WL 659307, at *3 (citing *Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003)).  The Court noted that the policy had to be identified specifically, that Brown would be required to explain how the policy resulted in the constitutional violations complained of, and that allegations that simply paraphrased the standard for municipal liability, would be too vague and generalized to support an official capacity/*Monell* claim.  *Brown*, 2026 WL 659307, at *3 (citations omitted).

Brown's AC does not include any factual allegations describing any custom or policy of the City of Philadelphia that resulted in a violation of his constitutional rights.  Accordingly, Brown has not stated plausible official capacity claims against the Defendants.  These claims are

dismissed with prejudice because Brown has already had an opportunity to amend them, did not state a plausible claim upon amendment, and so further amendment would be futile. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

**B.    Deliberate Indifference Claims**

Brown alleges that Defendants Acerenza and Bransfield "had knowledge of [his] medical issues and refused [him] blood pressure medication." (AC at 2.) The Court understands Brown to be asserting a claim based on alleged deliberate indifference to his serious medical needs and infers that the incident described occurred in the course of his arrest. This claim is not plausible.

The Supreme Court of the United States has held that "[t]he Due Process Clause . . . require[s] the responsible government or governmental agency to provide medical care to persons . . . who have been injured while being apprehended by the police." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Thus, "[d]eliberate indifference to the medical needs of arrestees violates their Fourteenth Amendment right to due process." *Smith v. Gransden*, 553 F. App'x 173, 177 (3d Cir. 2014). To allege a claim for denial of medical treatment under the Fourteenth Amendment, a plaintiff must plead: (1) a serious medical need; (2) behavior on the part of the police officers that constitutes deliberate indifference to that need; and (3) a causal connection between the indifference and the plaintiff's injury. *Pena v. City of Lancaster*, 690 F. Supp. 3d 494, 512 (E.D. Pa. 2023) (citing *Smith*, 553 F. App'x at 177); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Natale*, 318 F.3d at 582. "Deliberate indifference is a 'subjective standard of liability consistent with recklessness as that term is defined in criminal law.'" *Smith*, 553 F. App'x at 177 (quoting *Natale*, 318 F.3d at 582). Deliberate indifference exists where there is "objective evidence that [a] plaintiff had serious need for medical care" and the need was ignored or delayed

for non-medical reasons. *Id*. "With respect to an arrestee, a police officer must provide medical care to an individual who was injured during the course of an arrest when the need is so obvious that a reasonably trained officer would recognize the necessity for attention." *Klein v. Madison*, 374 F. Supp. 3d 389, 423 (E.D. Pa. 2019) (cleaned up). A serious medical need exists where "a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death," and the medical need "has been diagnosed by a physician as requiring treatment or . . . is so obvious that a lay person would recognize the necessity for a doctor's attention." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 320 (3d Cir. 2005) (quoting *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1023 (3d Cir. 1991)).

Brown's single allegation that Detectives Acerenza and Bransfield refused to provide him with medication is insufficient to support a plausible claim. Although he alleges that the Defendants "had knowledge of [his] medical issues," he does not identify the "medical issues" giving rise to his need for medication, does not allege that the "medical issues" were diagnosed by a physician as requiring medication, and does not identify the medication allegedly withheld. It is thus unclear whether his "medical issues" constituted a serious medical need. Additionally, Brown does not allege that the unidentified medication was even in the Defendants' control at the time of the incident, why the medication was withheld, or whether it was later provided. Moreover, he does not describe the circumstances surrounding the incident such that the Court can determine whether the Defendants' alleged refusal to provide the medication rises to the level of deliberate indifference. In these circumstances, Brown has failed to state a plausible deliberate indifference claim and the claim will be dismissed, without prejudice. He will be granted leave to amend this claim.

### C.    False Arrest and False Imprisonment Claims

As noted, upon statutory screening of the initial complaint, the Court dismissed with prejudice Brown's Fourth Amendment false arrest and false imprisonment claims in light of the fact that he alleged that he was arrested pursuant to a warrant obtained following an investigation. *See Brown*, 2026 WL 659307, at *4.  Brown, nonetheless, reasserted these claims in his AC, and included additional facts in support of his claims.  (*See* AC.)  The Court construes Brown's reassertion of these claims as a request for reconsideration of the Court's dismissal of these claims with prejudice.[3]  The Court grants Brown's reconsideration request and will reconsider these claims in light of the additional facts alleged in the AC.

In his AC, Brown alleges that Martin provided Detectives Acerenza and Bransfield with information suggesting that Brown had violated the PFA, including evidence that Brown had mailed letters to and called C.M.  (AC at 2.)  Based on this information, the Defendants obtained an arrest warrant for Brown and later arrested him.  (*Id*.)  Brown alleges that the information that Martin provided to Detectives Acerenza and Bransfield was false, and that as a result, the warrant was not valid, and his arrest was not supported by probable cause.  (*Id*. at 3.)  Even as amended, these claims are not plausible.

---

[3]    Notably, Brown filed a motion for reconsideration contemporaneously with his AC, requesting reconsideration of the Court's decision on statutory screening or permission to file an amended complaint. (ECF No. 8.)  The motion was denied as moot since he filed the AC.  (ECF No. 10.)  In light of the additional facts alleged in the AC, the Court will reconsider its decision to dismiss with prejudice Brown's false arrest and false imprisonment claims.  *See United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (stating that a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend a judgment, should be granted only where the moving party shows that at least one of the following grounds is present:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

The Fourth Amendment requires arrests, detentions, and prosecutions to be supported by probable cause. *Harvard v. Cesnalis*, 973 F.3d 190 202-03 (3d Cir. 2020); *Covington v. Plymouth Twp. Police Dept.*, 779 F. Supp. 3d 509, 523 (E.D. Pa. 2025) ("To state these claims under Section 1983, a plaintiff must 'establish that: (1) there was an arrest; and (2) the arrest was made without probable cause.'") (quoting *Saintil v. Borough of Carteret*, No. 22-2898, 2024 WL 3565308, at *6 (3d Cir. July 29, 2024) (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995))); *see also Noviho v. Lancaster County*, 683 F. App'x 160, 164 (3d Cir. 2017) ("Fourth Amendment false imprisonment and false arrest claims rise and fall on whether probable cause existed for the arrest." (citation omitted)). "Probable cause exists if there is a 'fair probability' that the person committed the crime at issue." *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000). Courts "consider the existence of probable cause via a 'common sense approach' based on the totality of the circumstances and viewed from the perspective of an objectively reasonable police officer." *Young v. City of Pittsburgh*, 562 F. App'x 135, 140 (3d Cir. 2014) (internal citation omitted). The standard is "not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988).

For the "lack of probable cause" element, where an arrest is made pursuant to a warrant or a previously sworn criminal complaint, a plaintiff must allege plausibly "(1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson*, 212 F.3d at 786-87 (quotation marks and citation omitted); *Pinkney v. Meadville, Pennsylvania*, 95 F.4th 743, 748 (3d Cir. 2024) (same); *see also Evans v. Newark City*, 152 F.4th 537, 545-47 (3d Cir. 2025)

(discussing "lack of probable cause" element).  An omission is made with reckless disregard if it were something a reasonable person would realize that the judge would want to know.  *Wilson*, 212 F.3d. at 788.  To determine whether an omission is material, the Court must predict whether a reasonable judge would conclude that a corrected affidavit was insufficient to establish probable cause.  *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997); *Pinkney*, 95 F.4th at 748-49.

Brown alleges that the information provided by Detectives Acerenza and Bransfield when they applied for the warrant was false.  Significantly, however, he does not allege that they were aware that the information was false when they applied for the warrant or when they arrested him.  Because he has not alleged that they "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood in applying for a warrant," he has not plausibly alleged that his arrest made pursuant to the warrant was without probable cause.  Accordingly, his false arrest and false imprisonment claims are not plausible and are dismissed.  Brown will be granted leave to amend this claim.

### D.    Malicious Prosecution Claims

Brown asserts Fourth Amendment malicious prosecution claims against the Defendants. (Compl. at 2.)  The Court previously dismissed this claim upon screening because Brown did not allege that the proceedings were initiated without probable cause or that the Defendants acted maliciously or for a purpose other than bringing him to justice.  *Brown*, 2026 WL 659307, at *5. Additionally, he did not allege that the information used to obtain the arrest warrant was false or that he did not engage in the conduct giving rise to the charges against him.  *Id*.  In his AC, Brown alleges that the information used to obtain the arrest warrant was false and that he did not engage in the conduct giving rise to the charges against him.  (AC at 2.)  He claims that the proceedings against him, accordingly, were initiated without probable cause, and that the Defendants acted

11

maliciously and for a purpose other than bringing him to justice. (*Id*. at 2, 3.) This claim, as amended, is still not plausible.

To state a Fourth Amendment malicious prosecution claim, a plaintiff must plausibly allege that a government official charged him without probable cause, leading to an unreasonable seizure of his person. *Chiaverini v. City of Napoleon*, 602 U.S. 556, 558 (2024) (citing *Thompson v. Clark*, 596 U. S. 36, 43, and n.2 (2022). A malicious prosecution claim under § 1983 has five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). That a "valid" crime was also charged along with the charge that ended in the plaintiff's favor does not create a categorical bar to a claim. *Chiaverini*, 602 U.S. at 562 ("The question here is whether a Fourth Amendment malicious-prosecution claim may succeed when a baseless charge is accompanied by a valid charge. . . . Consistent with both the Fourth Amendment and traditional common-law practice, courts should evaluate suits like Chiaverini's *charge by charge*. (emphasis added)). A "favorable termination" occurs when a prosecution ends "without a conviction." *Thompson*, 596 U.S. at 49 ("In sum, we hold that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction.").

For the same reasons that he has not established the absence of probable cause element of his false arrest and false imprisonment claims, Brown has not established that element with respect

to his malicious prosecution claims, either.  This claim, accordingly, will be dismissed.  Brown will be granted another opportunity to amend this claim.

### E.     Retaliation Claims

Brown alleges that the Defendants initiated criminal proceedings against him in order to retaliate against him, rather than to bring him to justice.  (AC at 3.)  He further alleges that they retaliated against him, in violation of his First Amendment rights, when he engaged in protected activity, including writing letters and pursuing legal action against them.  (*Id*.)  The Court understands Brown to be asserting retaliatory arrest claims against the Defendants.  These claims are not plausible.

The First Amendment "prohibits government officials from subjecting an individual to retaliatory action, including criminal prosecution, for speaking out.  *Hartman v. Moore*, 547 U.S. 250, 256 (2006) (citation omitted).  In order to state a claim for retaliation, a plaintiff must allege: "that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation."  *George v. Rehiel*, 738 F.3d 562, 585 (3d Cir. 2013).  Where the alleged retaliation results in arrest and prosecution, the plaintiff must also show the absence of probable cause for the prosecution.  *Walker v. Clearfield Cnty. Dist. Atty.*, 413 F. App'x. 481, 483 (3d Cir. 2011).

The Court notes first that this claim is conclusory and undeveloped.  While Brown claims that his arrest was retaliatory, he does not identify the protected conduct he engaged in that prompted the arrest.  He refers to pursuing legal action against the Defendants but does not identify the legal action or state when he filed it.  To the extent he refers to the current civil action, it was filed after the criminal charges against him were dismissed and, therefore, could not have caused the alleged retaliatory arrest or prosecution.  Additionally, as with his false arrest and false

imprisonment claims, and his malicious prosecution claims, Brown has not plausibly alleged that the Defendants lacked probable cause for arresting him and pursuing criminal proceedings against him. Brown's retaliation claims are dismissed. He will be granted leave to amend these claims.

### F.        State Law Claims

Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over Brown's state law claims. As the Court explained when screening Brown's Complaint, the only independent basis for jurisdiction over his state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Brown*, 2026 WL 659307, at *5. The Court further explained that in order to plausibly allege the existence of complete diversity, Brown would be required to allege the citizenship of the parties. *Id*. (citing *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (stating that an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain); *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010) ("[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment.")).

Brown has not addressed the deficiencies with respect to citizenship identified by the Court when it screened his Complaint. Again, he does not allege the citizenship of the parties. Rather, he provides the address of SCI Dallas for himself but does not state where he was domiciled before his imprisonment. (AC at 1.) He provides the address of the Philadelphia Police Department, 35th District for Defendants Acerenza and Bransfield. (*Id*.) He provides a Philadelphia residential address for Martin. (*Id*.) Once again, Brown has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

These claims will be dismissed without prejudice for lack of subject matter jurisdiction.  Because he has already had an opportunity to cure this deficiency and has been unable to do so plausibly, Brown will not be granted further leave to amend his state law claims.  *Jones*, 944 F.3d at 483.

## IV.    CONCLUSION

For the foregoing reasons, Brown's official capacity claims are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the remainder of his constitutional claims are dismissed for failure to state a claim, and his state law claims are dismissed without prejudice for lack of subject matter jurisdiction but without further leave to amend.

An appropriate Order follows.


*NITZA I. QUIÑONES ALEJANDRO, J.*

15